```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                  :
JAYA PRAKASH MATETI, ET AL.
                                  :
    v.                            :    Civil Action No. DKC 2008-0540
                                  :
ACTIVUS FINANCIAL,
   LLC, et al.                    :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this debt collection case are: (1) a motion for reconsideration of the court's August 14, 2009 order filed by Plaintiffs (Paper 57), (2) a motion for reconsideration of the court's August 14, 2009 order filed by Defendants (Paper 58), and (3) a motion to strike Defendants' motion for reconsideration filed by Plaintiffs (Paper 63). The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion for reconsideration will be denied, Defendants' motion for reconsideration will be denied, and Plaintiffs' motion to strike Defendants' motion for reconsideration will be denied.

**I.   Background**

This dispute arises from the debt collection activities and subsequent lawsuit filed against Plaintiff Mateti in conjunction with his default on an AT&T Universal credit card. Plaintiffs

in this action are Mr. Mateti and his wife, Chaitanya Chekkilla. Defendants are Activus, a company that purchases defaulted customer loans and collects the debts, PSC, a law firm engaged in debt collection, Phillip Collins and Neal Markowitz, attorneys for PSC, and Ernest Faska, a PSC employee.

The following facts are undisputed unless otherwise noted. In or around July 2001, Jaya Prakash Mateti opened an AT&T Universal credit card account. After using the credit card to purchase various goods and services, Mr. Mateti fell behind on the payments. The account eventually went into default status and was subsequently charged off. Mr. Mateti made his last payment on the account in April 2003. Until November 2003, monthly statements were sent to his address in Lanham, Maryland. In December 2003, for one month only, the monthly statement was sent to Mr. Mateti's address in Springdale, Maryland. Mr. Mateti did not receive any more credit card statements after December 2003. Plaintiffs allege that they permanently left Maryland in December 2003 and from June 2004–July 2007 maintained a permanent residence in Lexington, Kentucky.

Citibank referred Mr. Mateti's defaulted account to Academy Collection Service, Inc. ("Academy") for collection.[1] Academy sent Mr. Mateti two collection letters in October 2004 and December 2004 to his address in Kentucky. According to Defendants, Citibank sold Mr. Mateti's account to Unifund on May 27, 2005.[2] Activus purchased from Unifund a portfolio of charged off credit card accounts on August 11, 2005. Mr. Mateti's credit card account was part of that portfolio. In August 2005, Charles Berry, the managing member of Activus, contacted Defendant Collins of PSC to pursue legal action against Mr. Mateti. The law firm sent a demand letter to Mr. Mateti on August 22, 2005 at his address in Springdale, Maryland. According to Plaintiffs, Mr. Mateti had not lived in Springdale, Maryland since 2003. Activus filed suit against Mr. Mateti in the District Court of Maryland for Prince George's County, Maryland on October 3, 2005, seeking $4,492.62 in unpaid principal and $3,889.35 in interest (29.74%) for the defaulted credit card.

---

[1] Citibank purchased AT&T Universal in January 2002 and continues to issue credit card products under the AT&T brand name. (Paper 34, Ex. 2, Richter Aff. ¶ 3).

[2] Defendants assert that Citibank claimed the account was accruing interest at 29.74%. The credit card agreement provided for a maximum default rate which, at the time of sale, was prime plus 23.99%, which equaled 29.75%. (Paper 34, Ex. 2, Richter Aff. ¶ 5).

A summons was issued for service on Mr. Mateti at his Springdale, Maryland address. The court mailed the summons and complaint back to PSC for service by a private process server. Katie Dodson, a paralegal with PSC, used Protrack Process Service, Inc. ("Protrack") to effectuate service on Mr. Mateti. Protrack assigned the task of serving Mr. Mateti to an independent contractor, Steve Nixon. Substitute service was purportedly completed on "Panta Matetti," on December 2, 2005. Mr. Nixon executed an affidavit of service, filed it with the district court, and provided a copy to PSC. Plaintiffs allege that the service affidavit executed by Mr. Nixon was undoubtedly false because, at the time Mr. Nixon purportedly effectuated service, Mr. Mateti was living in Kentucky, and the process server misspelled his last name.

Mr. Mateti never responded to the complaint filed by Activus. Subsequently, Activus filed a request for default judgment which was denied by the state court on January 13, 2006. On March 24, 2006, affidavit judgment was entered against Mr. Mateti in the amount of $8,887.79 ($4,492.62 principal, $4,398.17 interest, and $50 costs). Plaintiffs allege that Activus was awarded interest in the judgment to which it was not entitled by law. PSC sent a letter on April 24, 2006 to the Springdale, Maryland address to inform Mr. Mateti of the

4

judgment. PSC filed a request for oral examination on May 10, 2006. The court scheduled the oral examination for July 7, 2006. Barbara Crawford, a paralegal at PSC, used Priority Process Servers ("Priority Process") to serve the oral examination request on Mr. Mateti. Priority Process assigned service of the oral examination papers to Jimmy Chidester. On July 28, 2006, Mr. Chidester filed an affidavit of service stating that he could not serve the oral examination papers because he never received a response from Mr. Mateti. Mr. Mateti asserts that he never received the letter from PSC or the notice of the oral examination because both were sent to the wrong address.

On September 7, 2006, PSC filed a reissue of the request for oral examination. Lisa Annadale, another paralegal at PSC, assigned the oral examination papers to ESQ Process Servers who, in turn, assigned the task of serving Mr. Mateti to Scott Miles, an independent contractor of ESQ. Mr. Miles filed an affidavit of service on October 31, 2006 stating that service of the oral examination papers was made by substitute service on Nivai Mateti at the Springdale, Maryland address. The oral examination was set for November 17, 2006. Mr. Mateti failed to appear.

5

On December 27, 2006, PSC filed a request for show cause order for contempt. The court issued the order to show cause on December 29, 2006 and sent the papers back to PSC for service of process. Ms. Annandale gave the papers to Protrack for service. Protrack again assigned the task of serving Mr. Mateti to Mr. Nixon. Mr. Nixon filed a proof of service on January 26, 2007 indicating that he personally served Mr. Mateti in Greenbelt, Maryland. The purported service affidavit incorrectly describes Mr. Mateti as a five foot six inch caucasian male, weighing over 180 pounds.

The show cause hearing was scheduled for April 6, 2007. Mr. Mateti did not attend the hearing. On April 9, 2007, PSC filed a request for garnishment of Mr. Mateti's property. A writ of garnishment was issued on April 16, 2007 and placed on Mr. Mateti's Bank of America account. Mr. Mateti contacted PSC on April 25, 2007 and spoke to Ernest Fasca about the garnishment. On May 8, 2007, Mr. Mateti filed a motion to vacate the judgment. A hearing was held on September 7, 2007 on the motion to vacate. The court vacated the judgment, quashed service of process and the garnishments, and ordered all money to be released to Mr. Mateti. Activus voluntarily dismissed the collection proceedings against Mr. Mateti on July 25, 2008. Plaintiffs allege that despite the court order and requests by

6

Mr. Mateti's counsel to remove the garnishment from the bank account, the money has never been released.

On November 2, 2007, Plaintiffs filed a complaint in the Circuit Court for Prince George's County against Activus, Phillip Collins, PSC, Neal Markowitz, and Ernest Fasca. Counts 1-11 allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, counts 12-14 allege violations of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-202, and count 15 alleges negligence. Defendants properly removed the case to this court on February 28, 2008 (Paper 1) and filed an answer on May 5, 2008. (Paper 10). The same day, the court entered a scheduling order, pursuant to which discovery would close on September 17, 2008. On September 16, 2008, Defendants filed a motion for leave to file an amended answer to include a *bona fide* error affirmative defense, and a motion to extend the discovery deadline. (Papers 16, 18). The court denied Defendants' motion for leave to file an amended answer on October 22, 2008 and granted Defendants' motion to extend discovery. (Paper 30). Thereafter, Defendants filed a motion for reconsideration related to their request to file an amended answer (Paper 31). Plaintiffs filed a motion for extension of time to file motion to compel regarding depositions. (Paper

7

33). Defendants and Plaintiffs subsequently filed motions for summary judgment. (Papers 34, 40). In response to Defendants' motion for summary judgment, Plaintiffs voluntarily withdrew count 6 of the complaint alleging a violation of § 1692e(2)(B) of the FDCPA.

On August 14, 2009, the court issued a memorandum opinion and order that: (1) denied Defendants' motion for reconsideration, Plaintiffs' motion for extension of time, and Plaintiffs' motion to strike, (2) dismissed the complaint filed by Plaintiff Chekkilla, (3) granted in part Defendants' motion for summary judgment, entering judgment in favor of Defendants Markowitz and Faska on all counts and entering judgment in favor of Defendants on counts 1-4, 6-8, and 11-15, and (4) denied Plaintiffs' motion for summary judgment. (Papers 55 and 56).

Plaintiffs filed a motion for reconsideration of the court's August 14th order on August 24, 2009. (Paper 57). Defendants responded on September 4, 2009, and also asked the court to reconsider its decision to deny Defendants summary judgment on counts 5 and 10 of Plaintiffs' complaint. (Paper 58). On October 6, 2009, Plaintiffs filed a motion to strike Defendants' motion for reconsideration. (Paper 63).

**II.  Motions for Reconsideration**

    **A.  Standard of Review**

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case.  Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed.R.Civ.P. 54(b).  Local Rule 105.10 provides that, except as otherwise provided in Fed.R.Civ.P. 60, any motion for reconsideration of an order shall be filed no later than 10 days after entry of the order.  The court's memorandum opinion and order were entered on August 14, 2009. Thus, any motion for reconsideration was due no later than August 28, 2009.

In the Fourth Circuit, the precise standard that should govern a motion for reconsideration of an interlocutory order is unclear.  *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991).  In determining whether it should reconsider an interlocutory order, a district court's consideration is not bound by the Rule 60(b) standard, though the court may at least reference parts of the Rule 60(b)

standard. *Id.* at 1470; *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) ("Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment."). Thus, the court's analysis is guided by Rule 60(b) but is not bound by its strictures.

Under Rule 60(b), a party may obtain relief from a judgment or final order based upon

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

**B.   Analysis**

**1.   Plaintiff's motion**

Plaintiffs ask the court to reconsider five parts of its August 14th decision to grant summary judgment: "(1) against Plaintiff Chekkilla and dismissing all of her claims, (2) in favor of collection attorney and defendant Neal Markowitz, (3) in favor of defendants for Count 7 which alleged violations of

10

15 U.S.C. § 1693e(5) . . . , (4) in favor of defendants on Count 8 which alleged violations of 15 U.S.C. § 1692e(8) . . . , and (5) in favor of defendants on Count 14 for alleged violations of Maryland Commercial Law Article § 14-202(8) . . . ." (Paper 57, at 1).

Plaintiffs' motion for reconsideration will be denied. Plaintiffs do not point to any relevant case law or evidence that was unavailable at the time of the court's order. With regard to Plaintiff Chekkilla's standing to sue and Defendant Markowitz's inclusion in the case, Plaintiffs argue facts that were already considered. On Count 7, Plaintiffs argue that Defendants violated 15 U.S.C. § 1692(e) by violating Maryland CJP § 11-603, yet Plaintiffs fail to show that Defendants' actions were actually illegal under the Maryland law. Additionally, on Count 8, Plaintiffs argue facts that were already considered and again fail to establish that Plaintiff Mateti ever disputed the debt. Finally, on Count 14, Plaintiffs have still not established that Defendants violated Md. Comm. Law Code Ann. § 14-202(8) because Plaintiffs have not shown that Defendants had knowledge of any wrongdoing and because Plaintiffs misinterpret Md. Ann. Code, Cts. & Jud. Proc. § 11-603(a).

### 2. Defendants' Motion

Defendants ask the court to reconsider the denial of summary judgment as to Counts 5 and 10 because those counts were allegedly barred by the statute of limitations. (Paper 58, at 2). Plaintiffs move to strike Defendants' motion because it was filed more than 10 days after entry of the order. Defendants respond that, as with motions under Rule 60, the court may reconsider earlier decisions in order to "do substantial justice."

Defendants' motion for reconsideration will also be denied. Defendants correctly note that, due to the FDCPA's statute of limitations, the court will limit its analysis of the Plaintiffs' FDCPA claims to events that occurred on or after November 2, 2006. Defendants argue that counts 5 and 10 only relate to events that occurred before November 2, 2006. (Paper 58, at 7-8). Because Plaintiffs presented counts 5 and 10 without tying the law to the facts, however, it is not clear that counts 5 and 10 are unrelated to any activity that occurred on or after November 2, 2006. As such, counts 5 and 10 are not clearly barred by the statute of limitations and Defendants' untimely motion for reconsideration will be denied.

**III. Conclusion**

For the foregoing reasons, Plaintiffs' motion for reconsideration will be denied, Defendants' motion for reconsideration will be denied, and Plaintiffs' motion to strike Defendants' motion for reconsideration will be denied.  A separate Order will follow.

                                                /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge